BEFORE THE FIRST DIVISION, DECEMBER 4, 1959

No. 63552.—Rice Bayersdorfer Co. *v.* United States, protest 313774–K (Philadelphia).

OLIVER, Chief Judge: This protest relates to certain items described on the invoice as "Fibre Tree Corsage" and which were classified as jewelry under paragraph 1527(a)(2) of the Tariff Act of 1930, as amended, with a duty assessment at the rate of 55 per centum ad valorem. Plaintiff claims that the articles are properly dutiable at the rate of 20 per centum ad valorem under paragraph 1023 of the Tariff Act of 1930, as amended by T.D. 51802, as manufactures in chief value of vegetable fiber, except cotton, not specially provided for.

A sample is in evidence (plaintiff's exhibit 1). The article measures 4½ inches overall. There is a small wooden base from which the article, itself, protrudes so that, when standing, it has the appearance of a small Christmas tree with Christmas ornaments imbedded in the green hemp simulating branches. There has been sprayed on the green hemp, a white substance, giving a snowlike effect. While the front of the article is rounded to simulate the appearance of a tree, the back is flat, as though the tree were cut in half, and attached thereto is a small pin that serves as a fastening device for use of the item. The article is a familiar seasonal item that is seen at Christmas time.

Plaintiff's uncontradicted testimony establishes that the articles under consideration are chiefly used for display purposes and package decoration and that they are not jewelry. In window displays, this merchandise is used "mainly as a background" and as "a focal point for a price tag for a large item." (R. 9.) In packaging merchandise, the articles in question "beautify the wrappings." (R. 10.) This merchandise is handled by department stores where it is sold in "the Christmas decoration department, home decoration, or gift wrapping department." (R. 9.) The testimony also mentions use by women and children who wear the item in question as a decoration on an article of clothing.

The appearance and the construction of the sample before us support plaintiff's testimony to the effect that the article under consideration is an inexpensive item, flimsily made, not susceptible of any permanent use, but simply a temporary decoration used during the Christmas season of the year, and that it is not jewelry.

The case of *United States* v. *Ignaz Strauss & Co., Inc.*, 37 C.C.P.A. (Customs) 32, C.A.D. 415, cited in plaintiff's brief, is pertinent. In that case, the merchandise consisted of miniature boxing gloves, sandals, baseball gloves, and huaraches, all made of leather. There, as here, the articles were classified as jewelry, and, in rejecting the classification, our appellate court stated as follows:

In view of the oral testimony offered on behalf of appellee together with the nature of the imported articles, it is clear to us that they cannot be

properly considered as jewelry in a tariff or any other sense. Such articles must be so ornamental as to be commonly or commercially known as jewelry. *United States* v. *Heinrich Herrmann & Weiss, supra.* Clearly the involved goods are not of that character, but are leather novelties in vogue for the reason that they respond to whim or fancy.

The substance of the foregoing quotation can be applied herein with the same force and effect. The articles under consideration are novelties in vogue at a particular season of the year. They cannot be properly considered as jewelry in a tariff or any other sense.

Defendant filed no brief. In lieu thereof, "NOTICE" was submitted, stating that "upon consideration of the record made and the brief filed by counsel for the plaintiff, this office does not desire to file a brief on behalf of the United States in the above entitled case."

Since the parties have stipulated that "the merchandise under protest consists of articles composed in chief value of hemp" (R. 3), we hold it to be properly classifiable under the provision for manufactures in chief value of vegetable fiber, not specially provided for, in paragraph 1023, as amended, and dutiable thereunder at the rate of 20 per centum ad valorem, as claimed by plaintiff.

The protest is sustained and judgment will be rendered accordingly.