No. 66093.—Morris Friedman v. United States, protests 59/6763 and 60/7310 (Philadelphia).

OLIVER, Chief Judge: These two protests, which were consolidated at the time of trial, relate to certain items that were classified as jewelry under paragraph 1527(a)(2) of the Tariff Act of 1930, as amended, with a duty assessment at the rate of 55 per centum ad valorem. Plaintiff claims that the merchandise is not jewelry and that it is properly classifiable according to its component material in chief value.

Four items are in dispute. With respect to item 800, described as "Hemp Corsages with card," and item 810, described as "X'mas Hemp Wreath with card," on the invoice with entry 7003, and item 503, described as "X'mas Hemp Tree Corsages," on the invoice with entry 9074, counsel for the respective parties stipulated that the merchandise covered by those items is the same in all material respects as the articles which were the subject of *Rice Bayersdorfer Co.* v. *United States*, 43 Cust. Ct. 416, Abstract 63552, the record in which case was incorporated herein by consent.

In the *Bayersdorfer* case, the article in question had the appearance of a small Christmas tree with Christmas ornaments imbedded in green hemp, simulating branches. Sprayed on the green hemp was a white substance, giving a snow-like effect. The back of the article was flat, as though the tree were cut in half, and attached thereto was a small pin that served as a fastening device for use of the item. The article was admittedly composed in chief value of hemp. Its general appearance was that of an inexpensive item, flimsily made, and not susceptible of any permanent use. The testimony established that the article was a seasonal item seen at Christmas time and chiefly used for display purposes and package decoration and that it was not jewelry.

On the agreed facts concerning the items hereinabove identified and following the cited decision on the law, we hold the merchandise, represented by said items, to be properly dutiable at the rate of 20 per centum ad valorem under paragraph 1023 of the Tariff Act of 1930, as amended, as manufactures in chief value of vegetable fiber, not specially provided for, as claimed by plaintiff.

The other item of merchandise involved herein is identified as "No. 112" on the invoices with entries 2742 and 614. The record herein establishes that the article is a Christmas decoration, composed in chief value of metal, that it is chiefly, if not exclusively, used in the packaging of merchandise, and that it is not jewelry. It is within the same general class of merchandise as that covered by the *Bayersdorfer* case, *supra.*

Following the reasoning employed in the cited case, we hold the Christmas decorations, identified as item 112 on the invoices with entries 2742 and 614, to be dutiable at the rate of 20 per centum ad valorem under paragraph 397 of the Tariff Act of 1930, as amended, as manufactures in chief value of base metal, not specially provided for, as claimed by plaintiff through valid amendment to the protests granted during the course of the trial.

To the extent indicated, the protests are sustained and judgment will be rendered accordingly.